UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON E. MORALES, | ) |
|         Plaintiff, | ) |
| v. | ) No. 2:19-cv-00221-JRS-MG |
| TRAVIS CARTER, et al., | ) |
|         Defendants. | ) |

**Order on Motion to Amend/Alter Judgment**

This case was closed by Order of August 31, 2022, (ECF No. 68), and the accompanying Final Judgment, (ECF No. 69). That Order held that Plaintiff Jason Morales' claims were barred by issue preclusion, due to prior state court judgments, and could not be relitigated in this Court.

Now before the Court is Morales' Motion to Amend/Alter Judgment, (ECF No. 70), brought under Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e).[1]

Morales argues that this Court improperly dismissed his claims against Defendant Ronald Steiner, because Steiner had brought no motion to dismiss. (Pl.'s Motion to Amend ¶ 2, ECF No. 70.) Morales also argues that this Court improperly

---

[1] Rule 59(e) imposes a strict 28-day time limit. Here, the judgment was entered August 31, 2022, and Morales' motion, dated September 29, 2022, asserts that August 31 was "28 days ago." The Court counts 29 days. Morales' motion is therefore untimely, and the Court must deny it. The Court, as a courtesy—so that no one should rankle at perceived unfairness in a strict time bar—nonetheless advances its reasons to show that the motion, whether treated under Rule 59(e) or under Rule 60(b), is meritless. This courtesy should not distract from the fact that untimely Rule 59(e) motions fail to toll the time for filing a notice of appeal. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014).

dismissed his Claim #4, because that claim was misconstrued by the state court and so not within the preclusive ambit of that court's judgment. (*Id.* ¶ 3.) Both arguments are meritless.

First, Steiner did file a motion to dismiss, (ECF No. 58), which was before the Court in its August 31, 2022, Order on Motions to Dismiss, (ECF No. 68), as that Order clearly states. (*Id.* ("Now before the Court are [the remaining defendants'] motions . . . the third, (ECF No. 58), by Defendant Ronald Steiner."))

Second, the Court's Order anticipated and addressed Morales' contention that the state court misunderstood his Claim #4 argument. The Court wrote, "[t]he state court also decided, implicitly, that there was no flaw with the post-June 26, post-seizure forensic search of the laptop: it denied Morales' motion to suppress evidence 'flowing from' the June 26 laptop seizure, and it ruled in response to the State's motion that evidence gleaned from the forensic laptop search was admissible." (Order 7, ECF No. 68.) Thus, whether or not the state court construed Morales' argument exactly as he wished (or now wishes), the post-June 26 forensic search of the laptop challenged in Claim #4 is within the issue preclusive scope of the state court's decisions.[2]

This Court does not hear appeals from state court decisions. *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Nor does it invite relitigation of points the state court has decided. *Mains v. Citibank, N.A.*, 852 F.3d 669, 675–76 (7th Cir. 2017). Morales has had his day in court. This is not the place for a do-over.

---

[2] The Court had available, as an alternate ground dismissing Morales' claims in the August 31 Order, the doctrine of claim preclusion, which bars not only issues actually litigated but also issues that potentially could have been litigated. Morales may not argue before this Court that he was misunderstood—his chance to make himself clear was in state court.

Morales' Motion to Amend/Alter Judgment, (ECF No. 70), is **denied.**

**SO ORDERED.**

Date: 10/4/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. mail to:

Jason Morales
905982
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Distribution by CM/ECF to registered counsel of record.